# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD TRUCK & TRAILER INC., | ) | CASE NO. 4:21-cv-2362 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| LEONARD BUILDINGS AND TRUCK | ) | |
| ACCESSORIES dba Leonard USA and dba | ) | |
| leonardusa.com, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the motion to dismiss filed by defendants Leonard Buildings and Truck Accessories and Leonard Aluminum Utility Buildings, LLC (collectively "Leonard Buildings" or "the Leonard Buildings defendants").[1] (Doc. No. 16; *see* Doc. No. 16-1 (Memorandum in Support).) Plaintiff Leonard Truck & Trailer Inc. ("Leonard T&T") has opposed the motion (Doc. No. 24 (Response in Opposition)), and the Leonard Buildings defendants have filed a reply. (Doc. No. 26.) As part of its opposition, Leonard T&T has sought leave to amend its complaint. (*See* Doc. No. 24 at 5.[2]) For the reasons that follow, Leonard T&T is granted leave to amend, and Leonard Buildings' motion to dismiss is denied.

---

[1] A third defendant, Copley Capital Management Inc., was dismissed from this action on February 14, 2022. (Doc. No. 15 (Order of Dismissal); *see* Doc. No. 14 (Notice of Dismissal).)

[2] Page number references are to the page numbers assigned to each individual document by the Court's electronic filing system, a practice recently adopted by the Court.

## I. BACKGROUND

According to the complaint, Leonard T&T is an Ohio-based corporation, established in 1963, that began by selling horses and horse trailers. (Doc. No. 1 (Complaint) ¶¶ 1, 16.) The company expanded its trailer product lines over the years, and today it sells a variety of trailers including "living quarter trailers, enclosed car and cargo trailers, dump trailers, utility and construction trailers, as well as heavy equipment trailers." (*Id.* ¶ 17.) In 1999, it opened a megastore in North Jackson, Ohio, wherein it offers a wide selection of "stock trailers, an aftermarket display area in an indoor showroom, a comprehensive trailer parts and service department, plus a custom vinyl graphics department." (*Id.* ¶¶ 18–19.)

Leonard T&T began using the mark "Leonard Trailers" in the promotion and sales of its trailers as early as January 1, 1963. (*Id.* ¶ 23; *see* Doc. No. 1-1 (Trademark Search).) On October 17, 2017, Leonard T&T caused a federal trademark to be registered on the principal register for "Leonard Trailers" as U.S. Trademark Registration No. 5,309,871. (*Id.* ¶ 20; *see* Doc. No. 1-1.) Leonard T&T has "widely and continuously promoted and sold Leonard Trailers® products[,]" and has invested considerable money in marketing and advertising its products under this mark. (Doc. No. 1 ¶¶ 22, 24.)

Leonard Buildings and Truck Accessories is a business entity with its principal place of business in North Carolina and physical locations in North Carolina, South Carolina, Virginia, West Virginia, and Tennessee. (*Id.* ¶ 2.) Leonard Aluminum Utility Buildings, Inc. is a North Carolina company that is the owner of a registered trademark for "Leonard Buildings & Truck Accessories®." (*Id.* ¶ 3; *see* Doc. No. 16-2 (Trademark) at 2.) The first use of this mark was February 1, 1993. (Doc. No. 16-2 at 2; *see* Doc. No. 1 ¶ 3.) Together, Leonard Buildings also

2

offer their products for sale through a website at: www.leonardusa.com. (*Id.* ¶¶ 11–14.) By their use of the website, they sell their products throughout the United States, including the State of Ohio. (*Id.*)

On December 18, 2021, Leonard T&T brought suit in federal court raising a single claim of trademark infringement/unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). (Doc. No. 1 ¶¶ 34–40.) In the complaint, Leonard T&T alleges that Leonard Buildings began using the mark "Leonard Trailers" in connection with the marketing and promoting of goods and services over their website, and that this use infringes upon Leonard T&T's registered mark. (*Id.* ¶¶ 25–26; *see* Doc. No. 1-2 (website screenshot).) According to Leonard T&T, the Leonard Buildings defendants have also placed metadata in the code behind the website that infringes upon the "Leonard Trailers®" mark. (Doc. No. 1 ¶ 27; *see* Doc. No. 1-3 (Metadata).) This infringing conduct, Leonard T&T complains, has resulted in a loss of sales, and a diminution in the value of the "Leonard Trailers®" mark. This alleged infringement has also resulted in actual confusion in the industry and will likely continue to do so unless abated. (Doc. No. 1 ¶¶ 36, 38–39.) Leonard T&T seeks damages, an accounting, injunctive relief, indemnification, interest, and attorney's fees. (Doc. No. 1 at 10–11 (Prayer).)

Leonard Buildings' motion to dismiss is grounded in the concept of laches. They argue, generally, that Leonard T&T "has failed to state a claim for trademark infringement even if its factual allegations are presumed true as [Leonard T&T] inexplicably, and without justification, waited well beyond the two-year statutory period to sue." (Doc. No. 16 at 1.) They seek dismissal of Leonard T&T's infringement claim "in its entirety" or, alternatively, leave to engage in "limited, expedited discovery into laches." (Doc. No. 16-1 at 7.)

## I.  STANDARD OF REVIEW

The Leonard Buildings defendants request dismissal of the complaint under Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc*., 32 F. Supp. 3d 869, 874–75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint[]") (internal quotation marks and citation omitted); *see also Williams v. CitiMortgage, Inc*., 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[]") (internal quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In deciding a motion to dismiss under Rule 12(b)(6), the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that, in ruling on a Rule 12 dispositive motion, a district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co*., 508 F.3d 327, 335 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted).

## II. LAW AND DISCUSSION

### A.     The Lanham Act and Laches

The Lanham Act prohibits the "use in commerce of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services [where] such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C. § 1114(1)(a). "To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." *Laukus v. Rio Brands, Inc*., 391 F. App'x 416, 425 (6th Cir. 2010) (citing 15 U.S.C. § 1117(b)).

The Leonard Buildings defendants argue that the present trademark infringement complaint should be dismissed because Leonard T&T impermissibly delayed in bringing suit. "The Lanham Act does not include a statute of limitations." *Tandy Corp. v. Malone & Hyde, Inc.*, 796 F.2d 362, 365 (6th Cir. 1985). Consequently, courts have applied the equitable doctrine of laches to determine whether a Lanham Act claim is barred due to a delay in filing. *Id*. (collecting cases); *see Kehoe Component Sales Inc. v. Best Lighting Prods., Inc*., 769 F.3d 576, 584 (6th Cir. 2015) (Because the Lanham Act does not contain a statute of limitations, "determining whether a Lanham Act claim is time-barred depends upon the defendant's ability to show that the claim is barred by laches.") (citing *Tandy Corp*., 796 F.2d at 365). The Sixth Circuit has defined laches as the "negligent and unintentional failure to protect one's rights." *Nartron Corp. v. STMicroelectronics, Inc*., 305 F.3d 397, 408 (6th Cir. 2002) (quotation marks and citation omitted). To succeed on the laches defense, a defendant must demonstrate: (1) the

6

plaintiff failed to diligently protect its rights, and (2) the defendant suffered prejudice as a result. *Id.*; *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 321 (6th Cir. 2001).

The starting point of the laches analysis is the analogous statute of limitations of the forum statute. *Nartron*, 305 F.3d at 408. If the lawsuit was filed before the analogous statute of limitations lapsed, there is a strong presumption that the delay in filing was reasonable. *Id*. If, however, the action was not brought within the period provided by the state statute of limitations, a strong presumption arises that the delay was prejudicial and unreasonable. *Id*. The forum state in this case is Ohio. In Ohio, Lanham Act claims are analogous to claims for bodily injury or damage to personal property under Ohio Rev. Code § 2305.10, which supplies a two-year statute of limitations. *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 790 (S.D. Ohio 2003); *see Kehoe*, 769 F.3d at 585; *Campfield v. Safelite Grp., Inc*., No. 2:15-cv-2733, 2021 WL 1215869, at *5 (S.D. Ohio Mar. 31, 2021).

Under the doctrine of laches, the period of delay in pursing a Lanham Act claim begins to run when the claimant has "actual or constructive knowledge of the alleged infringing activity." *Kehoe*, 796 F.3d at 584. Accordingly, if Leonard T&T had actual or constructive knowledge of the alleged infringing activity prior to December 18, 2019, there would be a presumption in favor of laches; if it did not learn of the alleged infringement until after that date, the presumption would favor a finding that any delay in filing was reasonable. The parties dispute the onset of Leonard T&T's knowledge, actual or constructive. At this stage of the proceedings, the factual dispute is fatal to Leonard Buildings' motion to dismiss.

The doctrine of laches is an affirmative defense and, as such, the Leonard Buildings defendants have the burden of proving it. *See Am. Addiction Ctrs., Inc. v. Nat'l Assoc. of*

*Addiction Treatment Providers*, 515 F. Supp. 3d 820, 840 (M.D. Tenn. 2021) (citation omitted). A plaintiff typically need not anticipate or negate an affirmative defense to state a valid claim. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citations omitted). For this reason, a motion to dismiss, which considers only the allegations in the complaint, is usually an inappropriate vehicle for testing an affirmative defense. *See id*. This is certainly true for the fact-specific inquiry that surrounds the equitable doctrine of laches. *See Am. Addiction Ctrs.*, 515 F. Supp. 3d at 838 ("The strictures of Rule 12(b)(6), wherein dismissal of the claim is based solely on the complainant's pleading, are not readily applicable to a determination of laches") (citations omitted)); *see also Cataldo*, 676 F.3d at 547 (Rule 12(b)(6) motion ill-suited to resolve issues involving statutes of limitations). However, when the allegations in the complaint affirmatively show that a claim is time-barred, dismissal under Rule 12(b)(6) is appropriate. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see Mullin v. Butler*, 452 F. Supp. 3d 794, 799 (M.D. Tenn. 2020) ("[c]ourts generally cannot grant motions to dismiss on the basis of an affirmative defense unless the plaintiff has anticipated the defense and explicitly addressed it in the pleadings") (quotation marks and citations omitted).

Leonard Buildings argue that laches is readily apparent from the allegations in the complaint and the relevant documents appended thereto or incorporated therein. First, they posit that Exhibit 2 to the complaint, a screen shot of their website, reveals that they have been using the mark "Leonard" for "decades, [and they have] been manufacturing and selling trailers since the 1960s under the Leonard brand name[.]" (Doc. No. 16-1 at 11.) Second, they underscore that Leonard T&T had an affirmative duty to police and protect its mark. (*Id*. at 12 (collecting cases).) Third, they note that the complaint alleges (and, therefore, Leonard T&T concedes) that

Leonard Aluminum Utility Buildings, Inc. owned the registered mark of "Leonard Buildings & Truck Accessories" since June 23, 2009. (*Id*. at 13 (citing Doc. No. 1 ¶ 3).) These facts, coupled with the acknowledgement that Leonard T&T and Leonard Buildings are direct competitors,[3] according to Leonard Buildings, means that Leonard T&T had "constructive knowledge of its claim against Leonard Buildings no later than June 2009, and delayed for over 12 years before bringing its claim." (*Id*. at 14 (citing cases).)

Leonard T&T counters by arguing that the infringement alleged in the complaint is the unauthorized use of "Leonard Trailers," and not the use of a different mark or the mere existence of a competitor in the industry. Indeed, the complaint bears this out. (*See* Doc. No. 1 ¶¶ 26, 27; *see also id*. ¶ 37.) Leonard T&T underscores that the complaint is "silent as to when [it] first became are of [Leonard Buildings'] confusing similar use of 'Leonard Trailer[s][4].'" (Doc. No. 24 at 2.) On that note, it argues that it only learned of Leonard Buildings' use of "Leonard Trailers" when customers started calling complaining about Leonard Buildings' products. "Importantly, all this activity happened in the last one to two years per Clint Leonard, owner of [Leonard T&T]." (*Id*. at 5.) Nevertheless, in order to "clear the matter up," Leonard T&T seeks leave to file an amended complaint that would add the following allegation:

> Plaintiff first received actual or constructive notice of the alleged infringement, that is, that the Defendants were using "Leonard Trailer" as a brand identifier during the year 2020 when Plaintiff began to receive online and telephone complaints where Defendants' customers were mistaking the Plaintiff as the Defendants. It was this actual confusion that alerted the Plaintiff that the Defendants were using "Leonard Trailers." Admittedly, Plaintiff knew of the

---

[3] In full, the relevant complaint allegation provides that "[u]pon belief, [Leonard Buildings] had actual knowledge of [Leonard T&T's] exclusive rights in the Leonard Trailers® mark and willfully and deliberately infringed [Leonard T&T's] rights. *The parties are competitors in the same industry*." (Doc. No. 1 ¶ 37 (emphasis added).)

[4] Throughout the complaint and briefing, Leonard T&T uses "Leonard Trailer" and "Leonard Trailers" interchangeably.

mere existence of the Defendants many years ago but only knew them as "Leonard Buildings and Truck," and never had any reason to look into their business any further. To be clear, Plaintiff does not allege in this lawsuit that "Leonard Buildings and Truck" is an infringement of the Plaintiff's registered trademark. Rather, Plaintiff specifically alleges in this case that the only infringement is the Defendants' use of "Leonard Trailer," which Plaintiff only recently became aware of.

(*Id*. at 5 (footnote omitted).)

The Leonard Buildings defendants object that Leonard T&T relies on facts that are not contained in the pleadings, and further that the practice of incorporating an informal request to amend in an opposition brief is discouraged. (Doc. No. 26 at 7.) Beginning with the latter argument, Rule 15 instructs courts to "freely give leave" to amend. Fed. R. Civ. P. 15(a)(2). That said, "[n]ormally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc*., 747 F.3d 435, 444 (6th Cir. 2014). "A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss . . . is not a motion to amend.'" *Id*. (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)). In *Kuyat*, the plaintiff embedded in his opposition to a motion to dismiss an alternative request to amend "in the event that the Court finds that it falls short of the applicable pleading standards in any respect." *Id*. (quoting the record). The Sixth Circuit found that such one-sentence requests contain "precisely [the] kind of throwaway language" that fails to satisfy the requirements of Rule 15(a). *Id*.

"However, when[, as here,] a plaintiff describes the new allegations he seeks to include, the court may consider them to determine if leave to amend appears to be appropriate." *Grose v. City of Bartlett*, No. 2:20-cv-2307, 2021 WL 7368570, at *2 (W.D. Tenn. Dec. 21, 2021)

(citations omitted); *see also Roskam Baking Co. v. Lanham Mach. Co*., 288 F.3d 895, 906 (6th Cir. 2002) ("[T]he court must have before it the substance of the proposed amendment" to determine whether "justice so requires" allowing an amendment)). While a separate motion with an attached proposed amended complaint would have been preferable, Leonard T&T's request sets forth the substance of the proposed amendment and consists of much more than the "throwaway language" condemned by the Sixth Circuit in *Kuyat*.[5] 747 F.3d at 444.

Permitting amendment in this instance is especially appropriate as the amendment merely provides additional support for and brings clarity to the initial pleading. As previously observed, Leonard T&T was under no obligation to anticipate the affirmative defense of laches and proactively assert allegations to counter it.[6] *See, e.g., Randolph v. Congress Collection LLC*, No. 20-cv-12146, 2021 WL 364256, at *1–2 (E.D. Mich. Feb. 3, 2021) (allowing implicit motion for leave to amend where facts were set forth with particularity in opposition brief and did not create a new cause of action). Leonard T&T was not, therefore, required to plead the date in which it had actual or constructive knowledge of the allegedly infringing conduct. The proposed amendment merely supplies that date, however unnecessary it was to the pleading, and leave is properly granted. Moreover, even without the amendment, or the new facts offered in the opposition brief, the Court would find, at this stage in the proceedings, that a determination cannot be made as to laches.

---

[5] For this reason, the case relied upon by Leonard Buildings is inapposite. In *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000), the Sixth Circuit held that the district court properly denied a request to amend, set forth in an opposition brief, that consisted of nothing more than "[a]n open request for the Court to permit the amendment to cure deficiencies, once the Court identifies those deficiencies[.]" The Sixth Circuit ruled that such a vague request was properly denied as it represented nothing more than an "effort to obtain an advisory opinion from the court." *Id*.

[6] Accordingly, Leonard Buildings' argument that Leonard T&T also failed to plead any facts that would excuse what it believes was an unreasonable delay in filing suit, rings hollow. (*See* Doc. No. 16-1 at 14–15.)

In fact, the parties' fact-based arguments for and against a finding of laches illustrate why Leonard Buildings' motion is premature. "Because they are 'inherently fact specific,' district [c]ourts throughout this circuit and others have found that challenges to an action based on the doctrine of laches are 'not amenable to dismissal at the pleading stages.'" *Am. Nat'l Prop. & Cas. Co. v. Tosh*, No. 5:12-cv-51, 2013 WL 1311399, at *3 (W.D. Ky. Mar. 27, 2013) (quoting *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 3172648, at *4 (S.D. Ohio Sept. 30, 2009) and collecting cases); *see also* 5 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1277 (3d ed. 2010) ("[T]he defense of laches . . . involves more than the mere lapse of time and depends largely upon questions of fact. Thus, a complaint seldom will disclose undisputed facts clearly establishing the defense of laches and a motion to dismiss generally is not a useful vehicle for raising the issue[.]"); *see, e.g., Campfield*, 2019 WL 13079480, at *7 (dismissing Rule 12(b)(6) motion based on laches and collecting cases); *Educ. Impact, Inc. v. Scott*, No. 3:17-cv-351, 2017 WL 4227686, at *5 (W.D. Ky. Sept. 22, 2017) (similar).

Given that both businesses operated in the same industry under similar monikers, Leonard Buildings may well ultimately prevail on a laches defense. The Court cannot, however, reach that conclusion as a matter of law. Leonard Buildings' motion to dismiss on the basis of laches is denied. If appropriate, the parties may revisit the issue of laches on summary judgment.

### B.    Expedited Discovery

Alternatively, the Leonard Buildings defendants request that the Court permit the parties to conduct limited discovery on Leonard T&T's knowledge of Leonard Buildings' use of "Leonard Trailers." (Doc. No. 26 at 15; *see* Doc. No. 16-1 at 16–17.) Leonard Buildings represent that they "expect[] that discovery will reveal, among other things, that the parties have

long since known of each other and their respective businesses—the parties have attended the same trade shows, and their representatives at those trade shows have met, spoken, and exchanged business cards with one another." (Doc. No. 26 at 15.)

Rule 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). But Rule 26(d) also allows for expedited discovery prior to that conference when authorized by court order. *Id*. The party seeking expedited discovery bears the burden of demonstrating good cause for it. *See Obeidallah v. Anglin*, No. 2:17-cv-720, 2017 WL 5192925, at *2 (S.D. Ohio Nov. 9, 2017). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (quotation marks and citation omitted). In determining whether good cause exists, the Court may consider a variety of factors including whether evidence may be lost or destroyed with time and whether the scope of the proposed discovery is narrowly tailored. *See Caston v. Hoaglin*, No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) (citation omitted).

In this case, the Court is not persuaded that the Leonard Buildings defendants have established the necessary good cause to conduct expedited discovery. For example, this is not an instance where the true identities of parties are unknown, where parties are challenging the Court's personal jurisdiction over them, or where information sought will be lost or destroyed. Additionally, while the Leonard Buildings defendants identify certain facts that they believe will

come out of discovery, they fail to define the scope of that discovery—such as whether it will be conducted on paper or involve depositions—and whether the requested discovery will overlap with other discovery that will be necessary in this case. And while the Leonard Buildings defendants insist without support or elaboration that Leonard T&T will not be prejudiced or burdened by expedited discovery, they neglect to demonstrate how they will be prejudiced by following the normal, prescribed course of discovery. Moreover, it should be noted that any finding in favor of Leonard Buildings on the issue of laches would only preclude Leonard T&T's claim for damages; it, alone, would not resolve Leonard T&T's request for injunctive and other prospective relief. *See Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 568 (6th Cir. 2000) ("Although laches precludes a plaintiff from recovering damages, it does not bar injunctive relief.") (citing *TWM Mfg. Co., Inc. v. Dura Corp.*, 592 F.2d 346, 349–50 (6th Cir. 1979) ("Laches alone does not foreclose a plaintiff's right in an infringement action to an injunction and damages after the filing of the suit. Only by proving the elements of estoppel may a defendant defeat such prospective relief.")). For all of these reasons, Leonard Buildings' alternative request for expedited discovery is denied.

### III.  CONCLUSION

For the foregoing reasons, Leonard T&T's motion to amend (*see* Doc. No. 24) is granted. Leonard T&T is directed to file an amended pleading, limited to the allegations in the original complaint and the additional allegation proposed in its response brief, by July 22, 2022. Leonard Buildings' motion to dismiss, and alternative motion for expedited discovery (Doc. No. 16), are denied. A case management conference ("CMC") will be set by separate order.[7]

**IT IS SO ORDERED**.

Dated: July 14, 2022

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[7] At the CMC, the Court will entertain arguments from counsel on whether discovery should be bifurcated and whether an early summary judgment motion on the issue of laches would be appropriate.

15