UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEONARD TRUCK & TRAILER INC., <br><br> Plaintiff, <br><br> v. <br><br> LEONARD BUILDINGS & TRUCK ACCESSORIES and LEONARD ALUMINUM UTILITY BUILDINGS, LLC, <br><br> Defendants. | CASE NO. 4:21-cv-02362-SL <br><br><br><br><br><br> Demand for Jury Trial |

**ANSWER TO AMENDED COMPLAINT**

Defendants Leonard Buildings & Truck Accessories and Leonard Aluminum Utility Buildings, LLC (collectively "Defendants"), by and through their undersigned counsel, answer Plaintiff Leonard Truck & Trailer Inc.'s ("Plaintiff") First Amended Complaint ("FAC"), dated July 21, 2022, as follows:

**THE PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the FAC, and therefore, deny the allegations on that basis.

2. Defendants deny the allegations set forth in Paragraph 2 of the FAC, except admit that Leonard Buildings and Truck Accessories' principal place of business is in Mt. Airy, North Carolina, and state that the referenced website speaks for itself.

3. Defendants deny the allegations set forth in Paragraph 3 of the FAC, except admit that Leonard Aluminum Utility Buildings, Inc. ("Leonard Aluminum") is a corporation organized

under the laws of North Carolina, has its registered agent located in Raleigh, North Carolina, and owns a registration issues by the U.S. Patent and Trademark Office ("PTO") for LEONARD BUILDING & TRUCK ACCESSORIES, which has been in use since at least February 1, 1993, and state that the referenced PTO record speaks for itself.

## JURISDICTION AND VENUE

4. Defendants state that the allegations set forth in Paragraph 4 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants admit this Court has subject matter jurisdiction of this action.

5. Defendants state that the allegations set forth in Paragraph 5 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants admit that this Court has personal jurisdiction over the Defendants for purposes of this action.

6. Defendants state that the allegations set forth in Paragraph 6 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants admit that this Court has personal jurisdiction over the Defendants for purposes of this action.

7. Defendants state that the allegations set forth in Paragraph 7 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the FAC, and therefore, deny those allegations on that basis.

8. Defendants state that the allegations set forth in Paragraph 8 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants admit that Plaintiff has purported to assert a claim for trademark

infringement and state that the decision *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Ohio*, 849 F.2d 1012 (6th Cir. 1988), speaks for itself.

9. Defendants state that the allegations set forth in Paragraph 9 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the FAC, and therefore, deny those allegations on that basis.

10. Defendants state that the allegations set forth in Paragraph 10 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the FAC, and therefore, deny those allegations on that basis.

11. Defendants state that the allegations set forth in Paragraph 11 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 11 of the FAC, except state that Ohio's Long-Arm Statute, RC § 2307.382(A)(2), speaks for itself.

12. Defendants state that the allegations set forth in Paragraph 12 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 12 of the FAC, except state that Ohio's Long-Arm Statute, RC § 2307.382(A)(2), speaks for itself.

13. Defendants state that the allegations set forth in Paragraph 13 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any

response is required, Defendants deny the allegations set forth in Paragraph 13 of the FAC, except state that the decisions set forth in Paragraph 13 of the FAC speak for themselves.

14. Defendants state that the allegations set forth in Paragraph 14 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations in Paragraph 14 of the FAC, except admit that venue is proper in this District.

## STATEMENT OF FACTS

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the FAC, and therefore, deny the allegations on that basis.

16. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the FAC, and therefore, deny the allegations on that basis.

17. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the FAC, and therefore, deny the allegations on that basis.

18. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the FAC, and therefore, deny the allegations on that basis.

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the FAC, and therefore, deny the allegations on that basis, except state that the document attached to the FAC as Exhibit 1 speaks for itself.

20. Defendants state that the allegations set forth in Paragraph 20 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the FAC, and therefore, deny the allegations on that basis.

21. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the FAC, and therefore, deny the allegations on that basis.

22. Defendants state that the allegation set forth in Paragraph 22 of the FAC is a conclusion of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the FAC, and therefore, deny the allegations on that basis.

23. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the FAC, and therefore, deny the allegations on that basis.

24. Defendants state that the allegations set forth in Paragraph 24 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 24 of the FAC.

25. Defendants state that the allegation set forth in Paragraph 25 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 25 of the FAC, except admit that the phrase "Why Leonard Trailers?" appears on the webpage located at https://www.leonardusa.com/cargo-utility-trailers and state that the document attached to the FAC as Exhibit 2 speaks for itself.

26. Defendants state that the allegation set forth in Paragraph 26 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 26 of the FAC, except admit they use the words "leonard trailers" in the metadata behind the www.leonardusa.com website and state that the document attached to the FAC as Exhibit 3 speaks for itself.

27. Defendants state that the allegation set forth in Paragraph 27 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the FAC, and therefore, deny the allegations on that basis, except deny they use "Leonard Trailer" as a brand identifier or that Plaintiff did not have actual or constructive knowledge of Defendants prior to 2020.

28. Defendants state that the allegations set forth in Paragraph 28 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 28 of the FAC.

29. Defendants state that the allegations set forth in Paragraph 29 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 29 of the FAC.

30. Defendants state that the allegations set forth in Paragraph 30 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 30 of the FAC.

31. Defendants state that the allegations set forth in Paragraph 31 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 31 of the FAC.

32. Defendants state that the allegations set forth in Paragraph 32 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 32 of the FAC.

## CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act)*

33. Defendants incorporate by reference and restate each and every response to the preceding paragraphs of the FAC as though fully set forth herein.

34. Defendants state that the allegations set forth in Paragraph 34 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 34 of the FAC.

35. Defendants state that the allegations set forth in Paragraph 35 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 35 of the FAC.

36. Defendants state that the allegations set forth in Paragraph 36 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 36 of the FAC.

37. Defendants state that the allegations set forth in Paragraph 37 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 37 of the FAC.

38. Defendants state that the allegations set forth in Paragraph 38 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 38 of the FAC.

39. Defendants state that the allegations set forth in Paragraph 39 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 39 of the FAC, except state that Defendants lack knowledge or information sufficient to form a belief as to the nature of

Plaintiff's alleged evidence, and therefore, deny the allegation on that basis and demand strict proof thereof.

40. Defendants state that the allegations set forth in Paragraph 40 of the FAC are conclusions of law as to which no responsive pleading is necessary, but that to the extent any response is required, Defendants deny the allegations set forth in Paragraph 40 of the FAC.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

FIRST DEFENSE
(FAILURE TO STATE A CLAIM)

Plaintiff's claims fail, in whole or in part, because the FAC, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

SECOND DEFENSE
(LACHES)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, at least based on Plaintiff's failure to bring its claim against Defendants, despite Defendants' use of the name "Leonard" in connection with trailers for more than fifty years.

THIRD DEFENSE
(FAIR USE)

Plaintiff's claims are barred, in whole or in part, by the statutory fair use defense in Section 33(b)(3) of the Lanham Act, 15 U.S.C. § 1115(b)(3), at least because Defendants only use the term "Leonard Trailers" "otherwise than as a mark" and in a manner "which is descriptive of and used fairly and in good faith only to describe the goods or services of" Defendants.

FOURTH DEFENSE
(FAILURE TO MITIGATE DAMAGES)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate or attempt to mitigate its damages, if any.

## FIFTH DEFENSE
## (CONSENT, WAIVER, ACQUIESCENCE ESTOPPEL)

Plaintiff's claims are barred, in whole or in part, by consent, waiver, acquiescence, and/or estoppel.

## SIXTH DEFENSE
## (GOOD FAITH)

Plaintiff's claims are barred, in whole or in part, because Defendants have acted in good faith at all times with respect to the allegations in the FAC, and Defendants' conduct has never been willful or with an intent to deceive.

## SEVENTH DEFENSE
## (UNCLEAN HANDS)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands based on misleading the United States Patent and Trademark Office regarding the date of first use of its asserted mark covered in the '871 Registration and the existence of bona fide use in commerce of Plaintiff's asserted trademark as alleged in the '871 Registrations, which, if relied upon by the USPTO, could constitute fraud on the USPTO.

## EIGHTH DEFENSE
## (PRIORITY)

Plaintiff's claims are barred, in whole or in part, by Defendants' priority of rights.

## ADDITIONAL DEFENSES

Defendants reserve the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based upon further investigation and discovery in this action.

9

## PRAYER FOR RELIEF

WHEREFORE, Defendants Leonard Buildings & Truck Accessories and Leonard Aluminum Utility Buildings, LLC respectfully requests:

1. A judgement in Defendants' favor and against Plaintiff on Plaintiff's First Amended Complaint;

2. The denial of all relief sought by Plaintiff;

3. Cancellation of Plaintiff's trademark registration;

4. The award of Defendants' costs and disbursements in this action pursuant to 17 U.S.C. § 505;

5. A finding that this case is exceptional under 15 U.S.C. § 1117 and an award of Defendants' reasonable attorneys' fee; and

6. Such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable in this action.

Dated: September 8, 2022

*/s/ Matthew J. Cavanagh*
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
mcavanagh@mcdonaldhopkins.com

Claudia Ray (admitted *pro hac vice*)
Eric Loverro (admitted *pro hac vice*)
KIRKLAND &ELLIS LLP
601 Lexington Avenue
New York, NY 10022
t 212.446.4800 │ f 212.446.4900

claudia.ray@kirkland.com
eric.loverro@kirkland.com

Robin McCue (admitted *pro hac vice*)
KIRKLAND &ELLIS LLP
300 N. LaSalle Street
Chicago, IL 60654
t 312.862.2000 │ f 312.862.2200
robin.mccue@kirkland.com

*Counsel for Defendants*
*Leonard Buildings & Truck and*
*Leonard Aluminum Utility Buildings, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2022, I electronically filed the foregoing ANSWER TO AMENDED COMPLAINT with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record, all of whom are registered ECF participants.

*/s/ Matthew J. Cavanagh*
E Filer